## DEWEY *vs.* BELLOWS.

Where a saw mill and grist mill, which were supplied with water by means of a dam and flume, and a clothing mill, and a flume for the supply of that, which extended under the other mills, and was connected with, and drew water from the flume of the other mills, were all owned by one person; and a con-veyance was made of the grist and saw mill, with the land on which they stood, together with the water privilege, " except the clothing mill and the land sold therewith ;" and on the same day the clothing mill " and water privilege for said mill flume, &c. as now enjoyed," were conveyed to anoth-er person; after which the grantee of the grist and saw mill permitted his mills, which were old, to decay, and took them down; and the grantee of the clothing mill thereupon entered upon the land conveyed with the grist and saw mill, and erected a new flume, for the use of his mill, which was in fact of larger dimensions, and drew more water than his flume drew at the date of the conveyances—*held*, that the grantee of the clothing mill had not a right to erect, on the land conveyed with the grist and saw mill, a flume larg-er than the former one, or which drew a greater quantity of water ; and that the grantee of the other mills had a right to remove all of said flume which was within the limits of the land conveyed to him.

TRESPASS, alleging that the plaintiff was possessed of a clothing mill, and machinery for cloth dressing and wool carding, and of a certain flume, constructed to convey water,

so as to work said mill and machinery ; and that the plaintiff was entitled to the use of water, conveyed by said flume, for said purposes; but that the defendant wrongfully and illegally cut away and removed said flume, so as to deprive the plaintiff of the use of said mill and machinery. The title of the parties is stated in the case, *Bellows* vs. *Dewey*, *ante* 278. The deed under which the plaintiff claims conveyed the clothing mill, and water privilege for said mill flume, as enjoyed on the date of said deed, July 26, 1825.

At the time of the sale of said mills, the saw mill and grist mill were almost entirely out of repair, and worthless, and were soon after taken down and removed. In 1827, the plaintiff, in order to continue the operation of his works, caused a new timber flume to be erected, extending from his mill, across the site of the former grist mill and saw mill, up to the dam, and connecting with the same, and drew water from thence, for the use of his mill, until the time of the injury complained of.

In 1835 the defendant commenced rebuilding his mills, and erected a new saw mill, with flumes for water connecting with the same, situated on the site of the old grist mill. While erecting this mill he cut away and removed the flume of the plaintiff, to the extent of some seventy feet or more. It was in evidence that the flume, or bulk head, of the present saw mill, is situated in the same spot, or nearly the same, as that of the bulk-head of the old grist mill. It was conceded that the plaintiff had the right to extend and maintain his flume to this bulk head, which is about thirty feet under the present saw mill, provided it was erected and kept up in the same manner, so as to draw no more water and create no greater obstruction, than in 1825. But the flume was cut away for the distance of some thirty five feet, where the plaintiff had a right to maintain a flume ; and the defendant justified as to the removal of this portion of the flume, on the ground that it was of larger dimensions, drew more water, and was in a different place from the former flume.

Much conflicting testimony was offered on this point, and the jury were instructed that if the new flume of the plaintiff was essentially on the same ground, and of the same dimensions as the former flume, the defendant had no right to remove it, unless it became necessary in the repair of his own mills; in which case it should be removed and replaced as soon as might be, and in such manner as to do the least possible injury to the plaintiff—that as the flume was removed, and no measures taken to place it in repair, the defendant was a trespasser, unless they should find that the new flume differed essentially from the former flume, in the points above mentioned; and if it did so differ, the defendant had a right to remove it. The court also instructed the jury that the defendant had a right to remove that portion of the new flume above the old bulk head.

The jury found a verdict for the defendant, and the plaintiff moved for a new trial.

*Smith*, and *Cushman*, for the plaintiff.

*Young* and *Wells*, for the defendant, cited, 12 *Mass. R.* 311, *Jewell* vs. *Gardner*; 6 *N. H. R.* 22; 2 *N. H. R.* 255; 5 *Taunt.* 454; *Statutes N. H.* 186--7; 3 *Black. Com.* 4, and note 6; 2 *Smith's R.* 9, *and cases cited*; *Dalton,* ch. 50; 3 *N. H. R.* 90, *and cases cited*; 9 *Coke* 53, *Bates' case*; 5 *ditto* 101, *Penruddock's case*; 2 *Salk.* 459, *Rex* vs. *Roswell*; 2 *Stark. Ev.* 911; 17 *Mass Rep.* 239.

PARKER, C. J.* The only question necessary to be settled in this case is, whether the defendant had a legal right to remove the flume erected by the plaintiff, and which passed over the land conveyed with the grist mill and saw mill.

Whether the plaintiff, upon the decay of the dam and flume, might have notified the defendant to repair, under the statute, and on his neglect might have entered and re-

---

* WILCOX, J., did not sit.

paired himself, making substantially a similar dam and flume to that before erected, and then have maintained an action for contribution ; or whether he might, instead, have proceeded to make such repairs at his own expense, without notice, are questions which do not require a decision at this time.

Other questions might perhaps be raised, but we are clearly of opinion that the plaintiff could not make an erection of a flume altogether different from the former one, upon the defendant's land, and preclude him from the use of his property ; nor make one which interfered with the defendant's privilege, and drew a larger quantity of water.

If the plaintiff's conveyance gave him the right to enter upon the land embraced in the deed to the defendant, it was to repair or rebuild the flume there existing, and not to erect one of different dimensions ; nor was he authorized to erect one drawing more water, even if such an one might be more advantageous to the plaintiff, and if the defendant for the time being forbore to use the water. Whatever rights the plaintiff may have had, as against the defendant, they were not of this character ; and the defendant was justified in removing the flume for that reason.

*Judgment on the verdict.*